

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. N. Steinle
County Attorney
Atascosa County
Jourdanton, Texas

Dear Sir:

Opinion No. O-2638
Re: Upon whom devolves the duty
of making an appointment for
the office of County Health
Officer upon the death of
the holder of such office
during his two year term?
And for how long shall said
appointee hold the office?

    Your recent letter requesting an opinion of this
department states that the duly appointed County Health
Officer of Atascosa County has died during the two-year
term of office to which he had been originally appointed
by the Commissioners' Court of the county pursuant to Ar-
ticle 4423, R. C.S. of Texas. In connection therewith you
asked upon whom devolves the duty of making an appointment
in such case and for how long shall such appointee hold
office.

    Article 4423 provides as follows:

"Art. 4423. COUNTY HEALTH OFFICER
    The commissioners court by a majority vote
in each organized county shall biennially appoint
a proper person for the office of county health
officer for his county, who shall hold office for
two years. Said county health officer shall take
and subscribe to the official oath, and shall
file a copy of such oath and a copy of his appoint-
ment with the Texas State Board of Health; and,
until such copies are so filed, said officer shall
not be deemed legally qualified. Compensation
of said county health officer shall be fixed by
the commissioners court; provided, that no com-
pensation or salary shall be allowed except for
services actually rendered."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

As pointed out by you this statute clearly empowers the commissioners' court to biennially appoint the county health officer but is silent both as to the filling of an unexpired term and as to the period of time such appointment, when made, shall run.

There being no other statute touching this matter, it is our opinion that the power to fill the unexpired term of one originally appointed by the commissioners' court would follow from the grant of power to make the original appointment. Clearly Article 4423 contemplates that the power of filling the office of county health officer shall reside in the commissioners court of the county; the express granting of power as to the biennial appointment would include, in the absence of other statutory provisions, the lesser power to fill the unexpired term of an original appointee of the commissioners court.

Your second question likewise involves a matter not expressly regulated by Article 4423, or by any other statute. The term "biennially" has a well defined meaning as something happening, or taking place, once in two years. BRUCE v. MATLOCK, 111 S.W. 990, 86 Ark. 555. Article 4423 in its provisions that the appointment of a county health officer shall be done biennially would seem to fix a term of two years as of an original appointment, regardless of intervening circumstances. This being true, it would follow that in the event of the death of the present holder of the office of county health officer, the term of office which became fixed by the action of the commissioners court in making the biennial appointment, only, is subject to being completed. At the expiration of this two-year term of office the commissioners court thereupon would make another biennial appointment in accordance with Article 4423.

Accordingly, you are respectfully advised that it is the opinion of this department that under the facts of your letter the commissioners court of Atascosa County may make an appointment to complete the unexpired term of the county health officer who has died and that such appointee may only serve during the unexpired term of the deceased.

APPROVED AUG 22, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

ZCS:ob